Ace v. Webb 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-060-CV

Â Â Â Â Â ACE TRANSPORTATION, INC.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â TIMOTHY WEBB,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 87th District Court
Leon County, Texas
Trial Court # 5811-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant appealed a December 1993 judgment rendered on a jury verdict. The transcript,
received in this Court on April 7, 1994, contains a motion for a new trial. However, as of the
date of this order, this Court has received no statement of facts or an appellant's brief and no
motion for an extension of time to file same has been received. See Tex. R. App. P. 54(a).
Â Â Â Â Â Â Therefore, this appeal is dismissed. See id.; id. at 60(a), 74(l)(1). 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Â Â Â Â Â Â Dismissed
Â Â Â Â Â Â Opinion delivered and filed June 1, 1994
Â Â Â Â Â Â Do not publish


If this is a final judgment,Â then
MyersÂs appeal is untimely.

Â Â Â Â Â Â Â Â Â  In Lehmann v. Har-Con
Corp., the Supreme Court overruled prior decisions which held that the
inclusion of a Mother Hubbard clause in an otherwise interlocutory judgment
renders that judgment final and appealable.Â  39 S.W.3d 191, 203-04 (Tex. 2001).Â  The Court observed in the next paragraph, however, that Âan order can be a final judgment for appeal
purposes even though it does not purport to be if it actually disposes of all
claims still pending in the case.ÂÂ  Id. at 204.Â  ÂLanguage that the
plaintiff take nothing by his claims in the case, or that the case is
dismissed, shows finality if there are no other claims by other parties.ÂÂ  Id. at 205.

Â Â Â Â Â Â Â Â Â  Here, the April 7 judgment
decrees that ÂMyers take nothing against Defendant Sam Houston State University and that said Defendant recover all cost[s]Â from Myers.Â  According to the
Supreme Court, this is a final judgment for purposes of appeal.Â  Ritzell v.
Espeche, 87 S.W.3d 536, 538 (Tex. 2002) (per curiam).

Â Â Â Â Â Â Â Â Â  Because Myers filed a
motion to reconsider the April 7 judgment within thirty days after that
judgment, her notice of appeal was due on or before July 6.Â  Because she did
not file a notice of appeal until September 7, her notice is untimely.Â 
Therefore, we grant Sam Houston StateÂs motion and dismiss this appeal for want
of jurisdiction.Â  See Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559,
564 (Tex. 2005).

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

[CV06]

Â Â Â Â Â Â Â Â Â  









[1]
Â Â Â Â Â Â Â Â Â  The trial court had previously
granted summary judgment motions filed by Sam Houston State employees whom
Myers had also named as defendants.Â  Thus, Sam Houston State was the only remaining
defendant when it filed its own summary judgment motion.